## VLASIC FOODS COMPANY *v.* RUSSEK.

DECISION OF THE COURT.

1. CORPORATIONS—SUMMARY JUDGMENT—LIABILITY OF FORMER OF-FICERS—VOID CHARTER.

Summary judgment for defendants, former officers of corporation who had not filed its annual reports nor paid its privilege fees on May 15, 1963, and May 15, 1964, in action by seller of merchandise during month of June 1965 is reversed with alternative of affirming summary judgment for plaintiff, as entered in circuit court, or remand for trial on merits in that court, by T. M. KAVANAGH and ADAMS, JJ., and solely for remand for trial on merits by T. E. BRENNAN, C. J., and BLACK, J., with DETHMERS and KELLY, JJ., dissenting on ground that statute did not impose liability on officers of corporation for debts incurred after charter had become void (CL 1948, § 450.82, as amended, §§ 450.83, 450.87, 450.90, 450.91; PA 1947, No 48, as amended by PA 1967, No 131).

DISSENTING OPINION.

DETHMERS AND KELLY, JJ.

2. CORPORATIONS—VOID CHARTER—DEBTS—LIABILITY OF OFFICERS.

*Officers of profit corporation whose charter was void by reason of lapse of more than 2 years without filing annual fees or reports as required by statute may not be held liable as officers of the corporation for corporate debts contracted after charter had become void in the absence of statute imposing liability on them for such debts (CL 1948, § 450.82, as amended, § 450.91).*

---

REFERENCES FOR POINTS IN HEADNOTES
[1–5, 11–13]  19 Am Jur 2d, Corporations §§ 1365, 1367, 1622, 1650.
[6, 7, 9, 10]  19 Am Jur 2d, Corporations §§ 1333, 1376.
[8]  19 Am Jur 2d, Corporations §§ 1651, 1652.
[14]  5 Am Jur 2d, Appeal and Error § 1011.

3. SAME—SUMMARY JUDGMENT—COURT RULES—DEFUNCT CORPORA-
TION—LIABILITY OF OFFICERS.

> *Summary judgment for plaintiff* held, *error, where entered on
> complaint seeking judgment against defendants pursuant to
> a statute establishing liability on the part of officers for debts
> contracted by a profit corporation whose charter has been sus-
> pended for failure to file a timely annual report, where the rec-
> ord established that the charter had, instead, become void for
> failure to file an annual report for 2 consecutive years, since the
> statute suspending corporate powers is separate and distinct
> from that causing the charter to be void, and where there is no
> provision establishing liability on the part of corporate officers
> for debts incurred by a void corporation ( CL 1948, §§ 450.87,
> 450.91; GCR 1963, 117).*

SEPARATE OPINION.

T. M. KAVANAGH and ADAMS, JJ.

4. CORPORATIONS—PROFIT—STATUTES—OFFICERS—FAILURE TO FILE
ANNUAL REPORTS.

> *All profit corporations are required by statute to file a report
> signed by the corporation president or vice-president and the
> treasurer or assistant treasurer or the secretary or assistant
> secretary on or before May 15 of each year accompanied by a
> filing fee and the amount of annual privilege fee (CL 1948,
> § 450.82, as amended, § 450.83).*

5. SAME—FAILURE TO FILE ANNUAL REPORTS—LIABILITY OF OFFICERS.

> *Any officer of a profit corporation who fails to make or join in
> the making of the required annual report or pay the annual
> privilege fees is liable for all debts of the corporation con-
> tracted during the period of neglect or refusal (CL 1948,
> § 450.87).*

6. SAME—FAILURE TO FILE ANNUAL REPORTS—LIABILITY OF OFFI-
CERS—STATUTE OF LIMITATIONS.

> *All actions based on neglect or refusal of officers of a profit cor-
> poration to make and file the required annual report must be
> commenced within 2 years after such neglect or refusal (CL
> 1948, § 450.90).*

7. SAME—STATUTES—FAILURE TO FILE ANNUAL REPORTS—VOID CHAR-
TER—LIABILITY OF OFFICERS—STATUTE OF LIMITATIONS.

> *Statute purporting to provide that the charter of a profit corpo-
> ration is absolutely void after failure or neglect to file reports
> and pay fees for 2 consecutive years in no way relieves officers*

*of liability for debts of the corporation contracted during the neglect or refusal nor does it alter the 2-year time limit for commencing action against the corporate officers for failure or neglect to file required annual reports (CL 1948, §§ 450.87, 450.91).*

8. Same—Statutes—Void Charters—Payment of Fees—Penalties—Waiver—Revival of Charter.

*All profit corporations whose charters have become void for failure to file reports and pay fees for two consecutive years may file annual reports and pay fees for every subsequent intervening year plus 6% interest per annum and a penalty of 10% on all fees paid before January 1, 1969, and upon acceptance and filing of such reports and payment of fees and all penalties, the voidance of the corporate charter is waived and the charter is revived in full force and effect; thus, the charter of a profit corporation is not absolutely void for failure to file reports and pay fees because, by statute, the charter can be revived (CL 1948, § 450.91; PA 1947, No 48, as amended by PA 1967, No 131).*

9. Same—Statutes—Void Charters—Liability of Officers—Statute of Limitations.

*The statute purporting to provide that the charter of a profit corporation is to be absolutely void after failure or neglect to file annual reports and pay privilege fees for 2 consecutive years provokes uncertainty as to continuation of the 2-year liability of recalcitrant officers of a profit corporation to action for failure or neglect to file annual corporate reports (CL 1948, § 450.82, as amended, §§ 450.83, 450.87, 450.90, 450.91).*

10. Same—Void Charter—Failure to File Annual Reports—Period of Neglect—Statute of Limitations.

*A profit corporation charter which has become void by failure of officers to file reports and pay fees excuses the corporate officers from filing annual reports, but the period of neglect, which is crucial in fixing the period during which officers would be individually liable for corporate debts, runs from May 15th of any year in which the corporation remained obligated to file the annual report and pay the privilege fees; thus, where officers failed to file reports on May 15, 1963, and again on May 15, 1964, a separate period of neglect, for purposes of suit, began to run on May 15 of each year, and corporate officers had individual liability for debts of the corporation contracted at any time during the ensuing 2 years (CL 1948, § 450.82, as amended, §§ 450.83, 450.87, 450.90, 450.91).*

11. SAME—STATUTES—FAILURE TO FILE ANNUAL REPORTS—LIABILITY OF OFFICERS—FRAUD.

> Construction of a statute so that neither the profit corporation nor its officers would be held liable for goods it has received while the corporate officers are in default in filing annual reports and paying privilege fees and the corporation is defunct would allow the perpetration of a fraud (CL 1948, § 450.91).

12. SAME—PROFIT—DEFAULT—REPORTS—FEES—LIABILITY OF FORMER OFFICERS—SUMMARY JUDGMENT.

> Former officers of profit corporation who had failed to file annual reports and pay the privilege fees for 2 consecutive years may properly be held individually liable for merchandise purchased for the corporation by them during period of 2 years following a second year of default in making the required filing and payment; hence, summary judgment for plaintiff seller may properly enter against the former officers (CL 1948, § 450.82, as amended, §§ 450.87, 450.91).

13. SAME—FAILURE TO FILE ANNUAL REPORTS—LIABILITY OF OFFICERS—APPEAL AND ERROR—SUMMARY JUDGMENT.

> The Court of Appeals erred in reversing the circuit court's summary judgment for plaintiff and granting summary judgment for defendants where plaintiff's cause of action was based on open account for goods, wares, and merchandise sold to individual defendants at the time the corporation of which they had been officers was in default of its annual reports, for plaintiffs, according to the statutory provision that any officer of a corporation who has failed to make annual reports and pay privilege fees is liable for all debts contracted during the period of neglect, may have a cause of action against defendants as individuals; hence, action is remanded to circuit court for determination of such issue (CL 1948, § 450.87).

### SEPARATE OPINION.
### T. E. BRENNAN, C. J. and BLACK, J.

See headnote 13.

14. COSTS—REMAND FOR TRIAL.

> Costs are ordered to abide final result of case remanded to circuit court for disposition by trial on the merits following reversal of summary judgment for defendants in Court of Appeals on appeal from summary judgment in circuit court for plaintiff.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and A. C. Miller, JJ., reversing Oakland, Beer (William John), J. Submitted November 13, 1968. (Calendar No. 11, Docket No. 51,849.) Decided October 6, 1969.

7 Mich App 359, reversed and remanded.

Vlasic Foods Company filed its complaint in the Royal Oak Municipal Court against Dorothy Russek, Martin L. Bishop, and Richard M. Bishop, seeking moneys claimed to be due plaintiff as a result of sales of merchandise to a corporation of which defendants were officers. Judgment for plaintiff. Defendants Bishop appealed to circuit court. Summary judgment for plaintiff. Defendants Bishop appealed to Court of Appeals. Reversed, and summary judgment ordered entered for defendants. Plaintiff appeals. Reversed, and remanded to circuit court.

*John F. Muller* (*Lewis Brooke, Jr.,* of counsel), for plaintiff.

*Frederick J. Prost,* for defendants.

DETHMERS, J. (*dissenting*). Plaintiff commenced action in the Royal Oak municipal court, filing a complaint alleging that defendants were officers and directors of a Michigan corporation, Village Food Service, Inc., and that its corporate charter became void on May 15, 1965, for failure to file its annual reports and pay the statutory privilege and filing fees. Plaintiff further alleged in its complaint that between the dates of June 4, 1965, and June 29, 1965, it sold and delivered goods to defendants in the amount of $1,450.15, and that defendants were then

operating a business under the style of Village Food Service after said corporation's charter was void. Attached to and made a part of plaintiff's complaint was a statement of account in the amount of $1,450.15 billed to Village Food Service, Inc.

Trial was had and judgment for plaintiff entered in the municipal court.

Defendants appealed to circuit court. Plaintiff filed in that court a motion for summary judgment based on CLS 1961, § 450.82 (Stat Ann 1963 Rev § 21.82) which requires corporations to file annual reports and on defendants' failure to so file, and claiming therein that under CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87), for such failure, defendants as officers of Village Food Service, Inc., are liable for debts of the corporation. Attached to plaintiff's motion, as an exhibit, is a certificate of the Michigan corporation and securities commission certifying that the corporation in question filed its 1963 annual report, due May 15, 1963, with no fee so that the report was returned to the corporation and was not subsequently refiled, that no 1964 report or fee was received from the corporation by the commission, and that the charter of the corporation became void May 15, 1965, under CL 1948, § 450.91 (Stat Ann 1963 Rev § 21.91).

Plaintiff's motion in circuit court for summary judgment* was heard and granted on the theory that goods were delivered to the corporation when its corporate powers were in suspense, rendering officers of the corporation liable.

Defendants appealed to the Court of Appeals, which reversed the circuit court judgment and ordered judgment for defendants. From that, plaintiffs were allowed an appeal here. See 379 Mich 776.

---

* See GCR 1963, 117.—REPORTER.

CLS 1961, § 450.82 (Stat Ann 1963 Rev § 21.82) requires filing annual corporate reports and payment of filing fees and annual privilege fees on or before May 15th of each year.

CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87) provides:

"(1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

CL 1948, § 450.91 (Stat Ann 1963 Rev § 21.91) provides in pertinent part as follows:

"If any profit corporation which has heretofore been, is now or may hereafter be required to file its annual report with and pay a privilege fee to the secretary of state, shall for 2 consecutive years neglect or refuse to file such report and/or to pay

such fee, the charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever."

Plaintiff's reliance for claiming liability of the individual defendants is on the provision in CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87) that during default of the corporation in filing a report and paying fees the corporate powers are suspended and debts contracted by the corporation during such period of suspension shall be liabilities of officers of the corporation who have neglected or refused to join in making the reports and paying the statutory fees. The Court of Appeals pointed out, however, that the powers of the corporation were not suspended under CL 1948, § 450.87 when the goods were delivered but, on the contrary, no longer existed and its charter was void under the provisions of CL 1948, § 450.91 (Stat Ann 1963 Rev § 21.91), which contains no provision making officers of the corporation liable for debts of the corporation contracted after the neglect and refusal to file reports and pay fees shall have continued for 2 consecutive years. Because the statute governing the situation when the goods were delivered is not CL 1948, § 450.87, providing for officers' liability, but CL 1948, § 450.91, which does not so provide, there is no statutory basis for the plaintiff's claim of liability against defendants as officers of the corporation. We agree with the Court of Appeals.

Court of Appeals should be affirmed, with costs to defendants.

KELLY, J., concurred with DETHMERS, J.

ADAMS, J.  I am unable to agree with Justice DETHMERS.

Section 82 of the Michigan general corporation act[1] requires all profit corporations to file a report on or before May 15 each year accompanied by a filing fee and the amount of the annual privilege fee.

Section 83[2] requires that the reports mentioned in section 82 be signed by the president or vice-president and the treasurer or assistant treasurer or the secretary or assistant secretary of the corporation.

Section 87[3] deals with default in filing reports or paying fees by corporations, the effect on corporate powers and contracts and, finally, the liability of officers. The last sentence of that section reads as follows:

"Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

Section 88[4] deals with penalties in case a corporation fails to report or to pay fees.

Section 89[5] deals with penalties in case a corporation wilfully makes false statements in corporate reports.

Section 90[6] deals with the collection of penalties for failure to report, notice of failure, evidence of notice, and the time in which to commence actions. The last sentence of this section reads:

"All actions and suits based on the neglect or refusal of the officers of such corporation to make and

---

[1] CL 1948, § 450.82, has been amended by PA 1952, Nos 210, 270, PA 1953, No 6, PA 1954, No 216, PA 1965, No 161, PA 1967, No 124, PA 1968, No 40 (see Stat Ann 1969 Cum Supp § 21.82).—REPORTER.

[2] CL 1948, § 450.83, has been amended by PA 1968, No 40 (see Stat Ann 1969 Cum Supp § 21.83).—REPORTER.

[3] CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87).—REPORTER.

[4] CL 1948, § 450.88, was amended by PA 1953, No 6 (Stat Ann 1963 Rev § 21.88).—REPORTER.

[5] CL 1948, § 450.89 (Stat Ann 1963 Rev § 21.89).—REPORTER.

[6] CL 1948, § 450.90 (Stat Ann 1963 Rev § 21.90).—REPORTER.

file the reports required by this act shall be commenced within 2 years after such neglect or refusal has occurred and not afterwards."

Section 91,[7] upon which Justice DETHMERS relies to find no liability in this case, follows the above sections and in no way relieves officers of the liability provided for in section 87 and in no. way alters the time for actions against officers provided for in section 90. While section 91 does purport to provide that the charter of a corporation "shall be absolutely void," after failure or neglect to file reports and pay fees for two consecutive years, it is to be noted that PA 1947, No 48, which has been regularly amended, as last amended by PA 1967, No 131 (MCLA § 450-.431, Stat Ann 1969 Cum Supp § 21.248[1]), now reads:

"All profit corporations whose charters have become void under the provisions of section 91 of Act No. 327 of the Public Acts of 1931, as amended, being section 450.91 of the Compiled Laws of 1948, because of failure to file reports or to pay the fees may file such reports and pay such fees and may file annual reports and pay fees for every subsequent intervening year, plus 6% interest per annum and a penalty of 10% on all fees paid hereunder, prior to January 1, 1969. Upon acceptance and filing of such reports and the payment of such fees and all penalties, the voidance of charter of the corporation shall be waived, and it shall be revived in full force and effect."

In view of the above quoted statute, it can be seen that section 91 does not do what it purports to do. The charter is not absolutely void since under the above statute it may be revived.

Additionally, section 91 obviously provokes uncertainty as to continuation of the 2-year liability of

7 CL 1948, § 450.91 (Stat Ann 1963 Rev § 21.91).—REPORTER.

recalcitrant officers to suit under the provisions of section 90, quoted *supra*. This comes about because before the corporation can be in default for 2 consecutive years for noncompliance with the filing requirements there will be a second event of neglect or refusal by corporate officers relating to the second year of the 2-year span required for charter forfeiture. It is this default by officers which must occur in the second year if forfeiture is to result which causes me concern in determining the liability under section 87.

The facts of this case amply illustrate the time element involved. Plaintiff alleged it sold goods to defendants between the dates of June 4 and June 29, 1965 and that the corporate charter became void on May 15, 1965 "for the reason that said corporation had failed to file its annual reports and pay the statutory privilege and filing fees, as required by the Michigan statutes." Defendants' answer stated that defendant Martin L. Bishop was the president of Village Food Service, Inc., defendant Richard M. Bishop, the vice-president, and defendant Dorothy Russek, the corporate secretary and treasurer. As set out in the opinion by Justice Dethmers, the corporation failed to comply with the requirements of section 82 for each of the years 1963 and 1964. According to the certificate of the corporation and securities commission, the corporation's charter became void May 15, 1965. The statutory 2-year period which precipitated that occurrence must have begun to run May 15, 1963. As I view the statutes, the corporation would not be required to file annual reports after May 15, 1965 when its charter became void unless it was reinstated to good standing, a fact not involved in this case. However, it is to be observed that the corporate charter was still in force during 1964 and the corporation through its officers

was under obligation to file an annual report, accompanied by the necessary fees, on or before May 15 of that year.

Section 87 makes any corporate officer who neglects or refuses to join in making the annual report and the fee payments "liable for all debts of such corporation contracted during the period of such neglect or refusal." The crucial element for determination in fixing liability is the duration of the "period of such neglect" because officers are individually liable for debts of the corporation contracted during this period. Justice DETHMERS avoids the necessity of such a determination by deciding that section 87 was inapplicable at the time of delivery of the goods in the case at bar. He reaches that result by invoking the provisions of section 91 which made the corporate charter void by operation of law on the 15th day of the month prior to the month in which the goods were delivered and the indebtedness contracted by the corporation. I do not construe the statutes this narrowly. I would hold that the provisions of section 91 serve to excuse the corporate officers from filing annual reports after the corporation's charter has become void. I would determine the period of neglect for which the officers would be individually liable for corporate debts as running for 2 years from May 15th of any year in which the corporation remained obligated to file the annual report and pay the filing and privilege fees. So, in the case at bar, I would hold that a period of neglect for purposes of suit began to run on May 15, 1964, and that the corporate officers had individual liability for debts of the corporation contracted at any time during the ensuing 2 years. I am unwilling to assume that the legislature intended to reduce the period of liability from 2 years to 1 year for defaulting officers in situations where debts

of the corporation were contracted in the second year of the requisite 2-consecutive-year period of neglect which provokes charter forfeiture under section 91.

In this case a supposedly defunct corporation whose officers were responsible for paying fees and filing reports has secured goods for which, under Justice DETHMERS' construction of the statute, neither the corporation nor the officers would be held liable. Such a construction of the statute would allow the perpetration of a fraud.

Even if Justice DETHMERS were correct as to the legal question above discussed, for the reasons that follow, this case should be remanded to the circuit court for a trial on the merits.

Plaintiff originally sued defendants in municipal court *as individuals*. Apparently there was a full trial. Plaintiff prevailed. Two of the defendants were able to make an appeal bond and were given leave to appeal to circuit court. In the circuit court action, plaintiff moved for summary judgment[8] and an answer was filed to that motion in which the defendants said: "defendants' defense to this action is that there was no contract between the plaintiff and defendants." And again: "plaintiff's complaint is solely based upon an allegation of an individual contract with defendants, which defendants deny."

In the pretrial information filed by the parties, the defendants said: "Defendants Martin L. Bishop and Richard M. Bishop deny any contract with the plaintiff in their individual capacity."

The plaintiff said:

"The cause of action is based on open account for goods, wares and merchandise sold to the individual defendants at the time a corporation by the name of Village Food Service, Inc., was in default of its

[8] See GCR 1963, 117.2(2).—REPORTER.

annual reports, and suit proved against the individuals pursuant to CL 1948, § 450.82, as amended, § 450.87 (Stat Ann 1963 Rev §§ 21.82, 21.87).  \* \* \*

"The plaintiff relied principally upon CL 1948, § 450.87 (Stat Ann 1963 Rev § 21.87), in addition to CL 1948, § 450.82, as amended (Stat Ann 1963 Rev § 21.82)."

On June 27, 1966, when the motion for summary judgment came on for hearing, plaintiff's attorney was the only one to appear in court. Judge Beer stated that he would grant a summary judgment. Later, on the same day, the attorney for defendants also appeared and there was argument by both counsel before Judge Beer. The attorney for defendants argued:

"Now, this as [is?] a contract, simple contract, action by the plaintiff against individuals doing business as Village Food Service. There is no allegation in the complaint or no reference to the cause of action that they now raise in their motion for summary judgment.

"The cause of action that they raise in their motion for summary judgments cites 21.87.  \* \* \* They are saying there is a simple contract action with the officers, that they had their own d/b/a, not incorporated or company.  \* \* \*  I don't feel this 21.87 has ever entered into this case, and especially on the pleadings—  \* \* \*  ."

The plaintiff's complaint filed in municipal court reads in pertinent part as follows:

"1. That plaintiff is a corporation organized and doing business in and under the laws of the State of Michigan, and defendants are individuals who were officers and directors of Village Food Service, Inc., which was originally chartered as a corporation under the laws of the State of Michigan, but which corporate charter became void on May 15,

1965 for the reason that said corporation had failed to file its annual reports and pay the statutory privilege and filing fees, as required by the Michigan statutes.

"2. That between the dates of June 4, 1965 and June 29, 1965, plaintiff sold and delivered goods, wares and merchandise to the defendants in the amount of $1,450.15 and upon defendants' promise to pay for same. At this time defendants were operating a business under the style of Village Food Service after said corporation's charter was void."

The affidavit of John F. Muller attached to the complaint states:

"That the amount due the plaintiff(s) from Dorothy Russek, Martin L. Bishop and Richard M. Bishop, jointly and severally as near as this deponent can estimate the same, over and above all legal set-off is $1,468.28."

Considering the complaint and affidavit and what transpired in municipal court and circuit court, the Court of Appeals erred in granting summary judgment for the defendants. What that Court should have done was to remand the case for trial in circuit court. Plaintiff may have a perfectly good cause of action against the defendants as individuals.

I would reverse the Court of Appeals and affirm the summary judgment of the circuit court in the event a majority of this Court agrees with my interpretation of the Michigan general corporation act. In the alternative, I would remand to the circuit court for a trial on the merits on the pleaded cause of action against the defendants as individuals in accordance with the second portion of this opinion. I would award costs to plaintiff and appellant.

T. M. KAVANAGH, J., concurred with ADAMS, J.

BLACK, J. (*concurring in reversal*). I agree fully
with that portion of Justice ADAMS' opinion com-
mencing with the sentence "Plaintiff originally sued
defendants in municipal court *as individuals*" (*ante*
at 556), and continuing to but not including the final
paragraph thereof.

The order entered by the Court of Appeals, grant-
ing defendants' motion for summary judgment,
should be reversed with remand of the record to cir-
cuit for trial of the merits of the plaintiff's cause
as pleaded against the defendants. All costs should
abide the final result.

T. E. BRENNAN, C. J., concurred with BLACK, J.

T. G. KAVANAGH, J., took no part in the decision
of this case.